## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SOLID HOLDINGS, LLC, SOLID SURFACE
CARE, INC., and SOLIDCARE, LLC,

         Plaintiffs,

    v.

SOLID LOGIC LIMITED, THOMAS MOORE
(an individual), and BRETT VAN BEEVER (an
individual),

         Defendants.

Civil Action No. 17-_____-___

## COMPLAINT

Plaintiffs Solid Holdings, LLC; Solid Surface Care, Inc.; and SolidCare, LLC (collectively referred to herein as "SOLID" or "Plaintiffs"), by and through its undersigned attorneys, sets forth its Complaint against Defendants Solid Logic Limited ("SLL"), Thomas Moore (an individual), and Brett Van Beever (an individual) (collectively referred to herein as "Defendants") as follows:

### INTRODUCTION

1.     This is an action in law and equity for trademark infringement, false designation of origin, trade dress infringement, dilution, and cybersquatting arising under federal, state, and common law.  As set forth below, Solid Surface Care, Inc. and SolidCare, LLC provide building maintenance services, namely cleaning, maintaining, and repairing porous and nonporous surfaces, including stone, metal, concrete, terrazzo, grout and wood.  Solid Holdings, LLC is the owner of distinctive trademarks for such services, including SOLID and SOLID SURFACE CARE (the "SOLID Marks" as defined more fully below).  Solid Holdings, LLC is also the owner of distinctive gray and red-orange trade dress.  At all relevant times, Solid Holdings, LLC

has licensed distinctive trademarks and trade dress to Solid Surface Care, Inc., SolidCare, LLC, as well as various third parties.

2.     Defendant SLL recently adopted and began using the "SOLIDLogic" mark and adopted a confusingly similar gray and red-orange trade dress for services that directly compete with SOLIDS's services.  Defendants Mr. Moore and Mr. Van Beever purposefully orchestrated a scheme to develop a business that competes with SOLID using marks and trade dress that trades off of and dilutes SOLID's unique and propriety marks and trade dress.  Upon information and belief, defendant Thomas Moore registered the domain name <solidlogicltd.com> in violation of Solid's trademark rights.

3.     Upon information and belief, SLL, by and through the actions of Mr. Moore and Mr. Van Beever, who are acting with an active conscious force, is promoting, marketing, offer for sale and/or selling building maintenance services in conjunction with infringing marks and trade dress, including through a website using a domain name registered by Mr. Moore that violates the Anticybersquatting Consumer Protection Act, in an effort to mislead and confuse prospective purchasers and to falsely designate the source of origin of their services.  Upon information and belief, Defendants' actions are part of a deliberate attempt to divert sales away from SOLID.  These actions will continue unless enjoined by this Court.

## PARTIES

4.     Plaintiff Solid Holdings, LLC is a North Carolina limited liability company with its principal place of business located at 3820 Rose Lake Drive, Charlotte, North Carolina 28217. At all times relevant hereto, Solid Holdings, LLC has been the owner of a family of distinctive trademarks based on the SOLID formative.  The SOLID Marks are defined more fully below.

2

5.      Plaintiff Solid Surface Care, Inc. is a North Carolina corporation with its principal place of business located at 3820 Rose Lake Drive, Charlotte, North Carolina 28217.   At all times relevant hereto, Solid Surface Care, Inc. has been in the business of providing building maintenance services, namely cleaning, maintaining, and repairing porous and nonporous surfaces, including stone, metal, concrete, terrazzo, grout and wood in conjunction with the SOLID Marks.

6.      Plaintiff SolidCare, LLC is a North Carolina limited liability company with its principal place of business located at 3820 Rose Lake Drive, Charlotte, North Carolina 28217. At all times relevant hereto, SolidCare, LLC has been in the business of providing building maintenance services, namely cleaning, maintaining, and repairing porous and nonporous surfaces, including stone, metal, concrete, terrazzo, grout and wood in conjunction with the SOLID Marks.

7.      Upon information and belief, defendant SLL is a Massachusetts limited company with its principal place of business located at 56 Roland Street, Charlestown, Massachusetts 02129.   Upon information and belief, Thomas Moore is the registered agent for service of process on SLL.   Upon information and belief, SLL recently began offering business maintenance services, namely cleaning, maintaining and repairing porous and nonporous surfaces, including concrete, ceramic, tile, resilient flooring, marble, terrazzo, travertine, granite, limestone, and other natural surfaces in connection with the "SOLIDLogic" mark.

8.      Upon information and belief, defendant Thomas Moore is an individual residing in Massachusetts and in the Eastern Division of this Judicial District.  Pursuant to records filed with the Secretary of the Commonwealth of Massachusetts, Mr. Moore is the Treasurer and

Secretary of SLL and is also a Director of SLL.  Upon information and belief, Mr. Moore is the individual that registered the domain <solidlogicltd.com>.

9.     Upon information and belief, defendant Brett Van Beever is an individual residing in Massachusetts and in the Eastern Division of this Judicial District.  Pursuant to records filed with the Secretary of the Commonwealth of Massachusetts, Mr. Van Beever is the President of SLL and is also a Director of SLL.

10.    Unless otherwise stated, "Defendants" refers to all defendants.

## JURISDICTION AND VENUE

11.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121 because SOLID asserts claims arising under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*

12.    This Court also has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1338(b) because Plaintiffs' claims for Massachusetts statutory unfair competition, statutory dilution, common law trademark and trade dress infringement and common law unfair competition are claims under Massachusetts law and are joined with a substantial and related claim under the trademark laws of the United States.

13.    This Court has supplemental jurisdiction over the state law and common law claims pursuant to 28 U.S.C. § 1367(a) because such claims and the federal claims originate from a common nucleus of operate facts and are so related to the other claims in this case over which the Court has original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d) and 1400(a) because a substantial part of the acts of infringement, dilution, and unfair competition which give rise to Plaintiffs' claims occurred in this District; and the claims arose in this District.

15.     Personal jurisdiction in this District is proper in that SLL, by and through the actions of Mr. Moore and Mr. Van Beever (as discussed in further detail below), transacts business in the Commonwealth of Massachusetts, contracts to provide services or things in the Commonwealth of Massachusetts, regularly does or solicits business in the Commonwealth of Massachusetts, and derives substantial revenue from services offered and purchased in the Commonwealth of Massachusetts.  In addition, upon information and belief, Mr. Moore and Mr. Van Beever reside in Massachusetts and in the Eastern Division of this Judicial District and operate SLL at 56 Roland Street, Charlestown, Massachusetts 02129.

## FACTS COMMON TO THE COUNTS

16.     Since 1996, SOLID, by and through its predecessor and affiliated organizations, has been providing cleaning, maintenance, and repairs to porous and nonporous surfaces, including stone, metal, concrete, terrazzo, grout and wood.

17.     Since at least 2012, prior to the acts of SLL complained of herein, SOLID has been using the distinctive mark SOLID, or formatives thereof, in conjunction with providing building maintenance services, namely cleaning, maintaining, and repairing porous and nonporous surfaces, including stone, metal, concrete, terrazzo, grout and wood.

18.     Beginning in 2015, Solid Holdings, LLC began offering franchises to the SOLID brand.

19.     In conjunction with its offering of services, and with respect to franchising and licensing, Solid Holdings, LLC is the owner of a family of SOLID marks that include the following U.S. registrations:

| Mark | Registration No. | Services |
|------|------------------|----------|
| SOLID | 4,693,470 | Building maintenance services, namely cleaning, maintaining and repairing nonporous surfaces including stone, metal, concrete and grout |
| SOLID | 4,960,212 | Building maintenance services, namely, cleaning, maintaining and repairing porous and nonporous wooden and terrazzo surfaces |
|  | 5,130,065 | Building maintenance services, namely, cleaning, maintaining and repairing porous and nonporous surfaces including stone, metal, concrete, terrazzo, grout and wood |

Copies of the registration certificates of the aforementioned registrations are attached hereto as **Exhibits A-C**.  Solid Holdings, LLC is also the owner of any and all common law rights associated with its family of SOLID marks.  Collectively, the SOLID family of marks used by SOLID is referred to herein as the "SOLID Marks."

20.     Pursuant to 15 U.S.C. § 1115(a), the aforementioned registrations are prima facie evidence of the validity of the SOLID Marks, Solid Holdings, LLC's ownership of the marks, and of Solid Holdings, LLC's exclusive right to use the registered marks in commerce in connection with the services specified in the registrations.

21.     The SOLID Marks are inherently distinctive in that "solid" does not describe the services offered in conjunction with the mark.  Further, as described below, SOLID has invested significantly in the marks, furthering their strength.

6

22.     At all relevant times, Solid Surface Care, Inc. and SolidCare, LLC have had the right to use and offer services in the United States in conjunction with the SOLID Marks.

23.     In addition to the SOLID Marks, SOLID has used and continues to use a distinctive trade dress in association with its building maintenance services.  Specifically, SOLID has used and continues to use the (i) presentation of the term "SOLID" in all capital letters, and (ii) the unique combination of the colors red-orange and gray, such as in the example shown below:



WBD (US) 41159590



The aforementioned trade dress includes SOLID's overall branding efforts (as reflected in examples shown in Paragraph 33, below) and is referred to herein as the "SOLID Trade Dress."

24.     The SOLID Trade Dress is not functional.

25.     The SOLID Trade Dress is used in commerce.

26.     The SOLID Marks and the SOLID Trade Dress are distinctive.

27.     At all relevant times, Solid Surface Care, Inc. and SolidCare, LLC have had the right to use and offer services in the United States in conjunction with the SOLID Trade Dress.

28.     By and through its principal, Elizabeth Crippen, Solid Care, LLC is the registrant for the domain <solidcare.com>.

8

29.     SOLID has established considerable goodwill and reputation in the SOLID Marks and SOLID Trade Dress in the United States.

30.     SOLID has the right, among other things, to exploit commercially the SOLID Marks and SOLID Trade Dress and to bar use by third parties of any confusingly similar marks.

31.     SOLID has made substantial investment in the promotion and protection of the SOLID Marks and SOLID Trade Dress and consider them among their most important and valuable assets.  For example, Solid Holdings, LLC, as franchisor, provides a "Brand Website" to franchisees that offers the franchisee access to extensive marketing and advertising materials. Further, Solid Holdings, LLC provides strict usage guidelines that govern, among other things, the appearance of the SOLID mark (e.g., font, font size, colors, etc.).  All uses of the SOLID Marks by franchisees are subject to review or approval of Solid Holdings, LLC.

32.     SOLID has continuously used without interruption and continues to use the SOLID Marks and SOLID Trade Dress to brand its services in the United States.

33.     SOLID has advertised, promoted, marketed and sold SOLID's services in conjunction with the SOLID Marks and SOLID Trade Dress in the Commonwealth of Massachusetts and in commerce throughout the United States via the internet and by other means of marketing, including, without limitation:  (i) advertisements in printed media, (ii) advertising brochures, (iii) participation at trade shows, (iv) trade publications, (v) signage, (vi) vehicle wraps, (vii) uniforms, and (viii) posters.  Examples of such usage are shown below:

9





  

A brochure is filed herewith as **Exhibit D**.

10

34.     Through extensive and continuous promotion and use, the SOLID Trademarks and SOLID Trade Dress have come to be associated with SOLID, and identify SOLID as the source of the high quality services offered in connection with the SOLID Trademarks and SOLID Trade Dress.

35.     The SOLID Trademarks and SOLID Trade Dress are recognized among persons who make up the market and potential market for the services offered by SOLID in conjunction with the SOLID Trademarks and the SOLID Trade Dress.

## MISCONDUCT BY DEFENDANTS

36.     In 2015 and again in 2016, representatives of SOLID met with Mr. Moore and Mr. Van Beever.

37.     At the meeting, SOLID representatives presented Mr. Moore and Mr. Van Beever with information regarding SOLID, including showing them marketing material with the SOLID Trademarks and SOLID Trade Dress with respect to a potential license agreement to use the SOLID Marks and SOLID Trade Dress.

38.     Mr. Moore and Mr. Van Beever did not ultimately enter into any agreement with SOLID.

39.     Instead, Mr. Moore and Mr. Van Beever, after meeting with SOLID representatives and learning of the SOLID Trademarks and SOLID Trade Dress, and moving with an active conscious force, created SOLIDLogic, Ltd. to directly compete with SOLID.

40.     SLL was created by Mr. Moore and Mr. Van Beever with full knowledge of the SOLID Marks and SOLID Trade Dress.

WBD (US) 41159590

41.     Upon information and belief, Mr. Moore and Mr. Van Beever, as Treasurer and President respectively of SLL, as well as both being Directors of SLL, have the full decision-making authority to select the name and trade dress utilized by SLL.

42.     Notwithstanding their knowledge of the SOLID Marks and SOLID Trade Dress, Mr. Moore and Mr. Van Beever knowingly and willfully, and moving with an active conscious force, selected "SOLID" in conjunction with "Logic" as a mark under which to offer their competing services.

43.     In furtherance of their plan to trade off of the SOLID Marks and SOLID Trade Dress, Mr. Moore, moving with an active conscious force, registered the domain <solidlogicltd.com> on behalf of SLL.

44.     SLL, by and through the direction and control of Mr. Moore and Mr. Van Beever, who each are moving with an active conscious force, utilizes the SOLID mark, in connection with "Logic," in conjunction with services that are identical or substantially similar to those offered by SOLID, namely building maintenance services that include the cleaning, maintaining, and repairing of porous and nonporous surfaces, including stone, metal, concrete, terrazzo, grout and wood.

45.     SLL, by and through the direction and control of Mr. Moore and Mr. Van Beever, who each are moving with an active conscious force, utilizes a trade dress that is confusingly similar to the SOLID Trade Dress.  Specifically, SLL uses the following trade dress, which includes:   (i) presentation of the term "SOLID" in all capital letters, and (ii) the unique combination of the colors red-orange and gray, such as in the example shown below:

12



Solid Logic was born from the passion and skill developed from our affiliated company ECO Logic. After serving our customer base for over 20 years and performing occasional, specialized hard surface care for our clients, Solid Logic was established. Ecologic is the premier textile maintenance provider in the market. We bring that same level of dedication, skill, and value to Solid Logic.

Solid Logic restores, repairs and maintains solid surfaces to enhance the performance & aesthetic value of your space. We employ trained craftsmen with many years of experience and offer our customers time-tested methods to transform concrete, ceramic tile, resilient flooring, marble, terrazzo, travertine, granite, limestone and other natural surfaces to their optimal appearance.

OUR SERVICES



WBD (US) 41159590

46.     Since the trademarks and trade dress of both SOLID and SLL are almost identical, there is strong likelihood the consumers will be confused.

47.     Upon information and belief, SOLID's services and SLL's services are sold in commerce in the same channels of trade in this District and elsewhere.

48.     The parties' advertisements target the same prospective purchasers.

49.     In using the SOLID mark and trade dress that is confusingly similar to the SOLID Trade Dress, SLL, with and in connection with the active conscious force of Mr. Moore and Mr. Van Beever, has exploited and continues to exploit the goodwill and reputation associated with SOLID, the SOLID Trademarks, the SOLID Trade Dress, and the services on which they are used.

50.     Defendants are not authorized users of the SOLID Trademarks.

51.     Defendants are not authorized users of the SOLID Trade Dress.

52.     SLL has improperly and illegally adopted the use of the SOLID Marks and SOLID Trade Dress for the sale and marketing of building maintenance services in the United States, and specifically in the Commonwealth of Massachusetts.

53.     Upon information and belief, Mr. Moore and Mr. Van Beever, willfully, knowingly, deliberately, fraudulently, and with conscious disregard of SOLID's rights in the SOLID Marks and SOLID Trade Dress, and moving with active conscious force, selected the "SOLIDLogic" name and confusingly similar trade dress.

54.     Upon information and belief, SLL willfully, knowingly, deliberately, fraudulently, and with conscious disregard of SOLID's rights in the SOLID Trademarks and SOLID Trade Dress, has advertised, marketed and/or offered for sale services imitating SOLID's SOLID Trademarks and SOLID Trade Dress.

14

55.     At all times, SLL's complained of conduct has been carried out with the active conscious force of Mr. Moore and Mr. Van Beever.

56.     Defendants' actions as alleged are intended to, and are likely to cause confusion, mistake, or deception as to the source of origin of SLL's services in that the consuming public, the trade, and others are likely to believe SLL's services are the same as SOLID's services, or are authorized, sponsored, or approved by SOLID, or are otherwise affiliated or connected with SOLID and/or their valuable trademarks and trade dress.

57.     Defendants' actions, as alleged, have caused, and will continue to cause irreparable harm to SOLID and its valuable trademarks and trade dress, and to the business and substantial goodwill represented thereby, and said acts and damages will continue unless restrained by this Court.

## COUNT ONE:  TRADEMARK INFRINGEMENT

### (Infringement Under 15 U.S.C. § 1114)

58.     The allegations in each of the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

59.     The SOLID Marks, as set forth in the registrations above, are entitled to trademark protection.  The SOLID Marks also enjoy common law protection.

60.     Plaintiffs are either owners or licensees of the SOLID Marks.

61.     In view of the association by the public of the SOLID Trademarks, as set forth in the registrations listed herein, SLL's use of a nearly identical trademark, namely SOLIDLogic, as specifically directed by Mr. Moore and Mr. Van Beever, who were and are moving with an active conscious force, is causing and is likely to cause confusion, mistake, and deception of the

15

relevant consuming public as to whether SLL's products or services emanate from, or are sponsored or approved by SOLID.

62.     The conduct of Defendants complained of herein constitutes trademark infringement, all of which has damaged and will continue to damage irreparably SOLID's valuable goodwill unless enjoined by this Court.  SOLID does not have an adequate remedy at law.

63.     As a result of Defendants' conduct, SOLID has suffered and will continue to suffer monetary damages in an amount not yet determined.

### COUNT TWO:  TRADEMARK AND TRADE DRESS INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

**(Infringement, False Designation of Origin, and Unfair Competition Under 15 U.S.C. § 1125(a))**

64.     The allegations in each of the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

65.     SLL's unauthorized use, as directed by Mr. Moore and Mr. Van Beever, who were and are moving with an active conscious force, of a SOLID mark and aforementioned trade dress in connection with its services is confusingly similar to the SOLID Marks and the SOLID Trade Dress and constitutes a use in commerce of a word, term, name, symbol, or device, or some combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to deceive as to the affiliation, connection, or association of such entity or person with another entity or person or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person or entity all in violation of 15 U.S.C. § 1125(a).

16

66.     The aforementioned acts constitute a violation of SOLID's rights in the SOLID Marks and SOLID Trade Dress and thus constitute trademark and trade dress infringement in violation of 15 U.S.C. § 1125(a).

67.     The conduct of Defendants complained of herein constitutes trademark infringement, trade dress infringement, false designation of origin, and unfair competition, all of which has damaged and will continue to damage irreparably SOLID's valuable goodwill unless enjoined by this Court.  SOLID does not have an adequate remedy at law.

68.     As a result of Defendants' conduct, SOLID has suffered and will continue to suffer monetary damages in an amount not yet determined.

## COUNT THREE:  COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT

### (Infringement Under Massachusetts Common Law)

69.     The allegations in each of the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

70.     SOLID owns and enjoys common law trademark rights in the SOLID Trademarks and SOLID Trade Dress, including the overall commercial impression and presentation of the SOLID Trade Dress.

71.     The SOLID Marks and the SOLID Trade Dress are inherently distinctive and have come to be recognized as a source identifier by the consuming public, who exclusively associate the SOLID Marks and SOLID Trade Dress with SOLID's services.  The primary significance of the SOLID Marks and the SOLID Trade Dress is to indicate that SOLID is the source of the services.

72.     The SOLID Trade Dress is not functional.

73.     SOLID owned and used, and is continuing to own and use, the SOLID Marks and SOLID Trade Dress prior to SLL's use of a confusingly similar mark and trade dress.

74.     SOLID's rights in its SOLID Trademarks and SOLID Trade Dress are superior to any rights that SLL may claim in any SOLID mark and/or trade dress with respect to SLL's services.

75.     In view of the association by the public of the SOLID Trademarks and SOLID Trade Dress and SOLID's services, SLL's use of nearly identical trademarks and trade dress, as directed by Mr. Moore and Mr. Van Beever, who were moving with an active conscious force, for the identical or substantially similar services is causing and is likely to cause confusion, mistake, and deception of the relevant public as to whether SLL's service emanate from, or are sponsored, or approved by, SOLID.

76.     The conduct of Defendants complained of herein constitutes trademark infringement and trade dress infringement under Massachusetts common law, all of which has damaged and will continue to damage irreparably SOLID's valuable goodwill unless enjoined by this Court.  SOLID does not have an adequate remedy at law.

77.     As a result of Defendants' conduct, SOLID has suffered and will continue to suffer monetary damages in an amount not yet determined.

### COUNT FOUR:  DILUTION

**(Dilution Under Mass. Gen. Laws ch. 110H, § 13)**

78.     The allegations in each of the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

WBD (US) 41159590

79.     SOLID owns and enjoys common law trademark rights in the SOLID Trademarks and SOLID Trade Dress, including the overall commercial impression and presentation of the SOLID Trade Dress.

80.     The SOLID Marks and the SOLID Trade Dress are inherently distinctive and have come to be recognized as a source identifier by the consuming public, who exclusively associate the SOLID Marks and SOLID Trade Dress with SOLID's services.   The primary significance of the SOLID Marks and the SOLID Trade Dress is to indicate that SOLID is the source of the services.

81.     The SOLID Trade Dress is not functional.

82.     SOLID owned and used, and is continuing to own and use, the SOLID Marks and SOLID Trade Dress prior to SLL's use of a similar mark and trade dress that is likely to cause dilution.

83.     SOLID's rights in its SOLID Trademarks and SOLID Trade Dress are superior to any rights that Defendants may claim in any SOLID mark and/or trade dress with respect to SLL's services.

84.     In view of the association by the public of the SOLID Trademarks and SOLID Trade Dress and SOLID's services, SLL's use of nearly identical trademarks and trade dress, as directed by Mr. Moore and Mr. Van Beever, who were moving with an active conscious force, for the identical or substantially similar services is causing and is likely to cause dilution of the SOLID Marks and SOLID Trade Dress.

85.     The conduct of Defendants complained of herein constitutes dilution under Massachusetts Gen. Laws ch. 110H, § 13, all of which has damaged and will continue to damage

irreparably SOLID's valuable goodwill unless enjoined by this Court.  SOLID does not have an adequate remedy at law.

### COUNT FIVE:  UNFAIR AND DECEPTIVE TRADE PRACTICES

**(Mass. Gen. Laws ch. 93A)**

86.    The allegations in each of the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

87.    SOLID and SLL are engaged in conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

88.    SOLID and SLL are competitors that offer the same or substantially similar services to the same customers and potential customers.

89.    SLL, under the direction of Mr. Moore and Mr. Van Beever, who were moving with an active conscious force, is using marks and trade dress in the conduct of trade or commerce in the Commonwealth of Massachusetts and elsewhere that are similar enough to the SOLID Marks and SOLID Trade Dress that a significant portion of the consuming public would see the marks as essentially the same or, at a minimum, cause confusion as to the source of SLL's services.

90.    The foregoing conduct of Defendants constitutes unfair and deceptive acts and practices within the meaning of Mass. Gen. Laws ch. 93A, all of which has damaged and will continue to damage irreparably SOLID's valuable goodwill unless enjoined by this Court. SOLID does not have an adequate remedy at law.  Accordingly, SOILD is seeking injunctive relief pursuant to Mass. Gen. Laws ch. 93A, § 11.

91.    As a result of Defendants' conduct, SOLID has suffered and will continue to suffer monetary damages in an amount not yet determined.

92.     Defendants have intentionally and knowingly violated SOLID's rights. Accordingly, SOLID is entitled to enhanced damages, costs, and its reasonable attorneys' fees pursuant to Mass. Gen. Laws ch. 93A, § 11.

## COUNT SIX:  COMMON LAW UNFAIR COMPETITION

93.     The allegations in each of the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

94.     Defendants' aforementioned acts are likely to cause confusion, misrepresentation and/or to cause mistake or to deceive the public as to the affiliation, approval, sponsorship, or connection between SOLID and SLL.

95.     The conduct of Defendants complained of herein constitutes unfair competition under Massachusetts common law, all of which has damaged and will continue to damage irreparably SOLID's valuable goodwill unless enjoined by this Court.  SOLID does not have an adequate remedy at law.

96.     As a result of Defendants' conduct, SOLID has suffered and will continue to suffer monetary damages in an amount not yet determined.

## COUNT SEVEN:  CYBERSQUATTING

### (Cybersquatting Under 15 U.S.C. § 1125(d))

97.     The allegations in each of the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

98.     SLL, by and through Mr. Moore, has registered and is using the domain <solidlogicltd.com> that incorporates the SOLID Marks or is confusingly similar to the SOLID Marks.

99.     SLL's and Mr. Moore's registration and use of the domain <solidlogidltd.com>
has been and is in bad faith, in that the registration and use occurred and is occurring:  (i) with
full knowledge and conscious disregard of SOLID's rights in the SOLID Marks, and (ii) with an
intend to trade on SOLID's goodwill in the SOLID Marks by creating a likelihood of confusion
as to the source, sponsorship or affiliation or endorsement of SLL's services.

100.    The conduct of SLL and Mr. Moore complained of herein constitutes
cybersquatting in violation of 15 U.S.C. § 1125(d), all of which has damaged and will continue
to damage irreparably SOLID's valuable goodwill unless enjoined by this Court.  SOLID does
not have an adequate remedy at law.

101.    As a result of SLL's and Mr. Moore's conduct, SOLID has suffered and will
continue to suffer monetary damages in an amount not yet determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

1.      Preliminary and permanently enjoining SLL and its officers, directors, agents,
employees, subsidiaries, representatives and assigns, and all person acting in concert with them,
including without limitation, Mr. Moore and Mr. Van Beever, from:

(a) Advertising, offering, or providing services or goods in the United States using
any name, designation, or purported trademark which so resembles the SOLID
Marks or the SOLID Trade Dress as to be likely to cause confusion,

(b) Further diluting or infringing the SOLID Marks or SOLID Trade Dress or
damaging SOLID's goodwill and reputation,

(c) Otherwise using the SOLID Marks or SOLID Trade Dress in any unlawful or
unfair manner, or

22

(d) Otherwise competing unfairly with SOLID in any manner.

2.     Defendants be required to deliver up to be impounded during the pendency of this action, and thereafter to deliver up for destruction, all products and materials bearing names, designations, or purported trademarks or trade dress confusingly similar to the SOLID Marks or SOLID Trade Dress.

3.     Defendants be required to transfer the domain <solidlogicltd.com> to SOLID.

4.     Defendants be required to pay SOLID such damages, as SOLID may have sustained as a consequence of SLL's unlawful acts, including but not limited to SLL's profits along with all prejudgment and post-judgment interest;

5.     Defendants be required to pay SOLID's costs and attorneys' fees incurred in this action pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

6.     That the Court award enhanced damages pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A, § 11; and

7.     Award such other or further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SOLID demands a trial by jury on any issue so triable.


Dated:  December 21, 2017

Respectfully submitted,

Solid Holdings, LLC, Solid Surface Care, Inc., and SolidCare, LLC

By their attorneys,

/s/ *Deborah M. Vernon, Ph.D.*
Deborah M. Vernon, Ph.D. (BBO # 663937)
WOMBLE BOND DICKINSON (US) LLP
Two International Place, Suite 2310
Boston, Massachusetts 02110
Phone:  (857) 287-3130
Fax:  (857) 287-6830
Deborah.Vernon@wbd-us.com

Jacob S. Wharton (pro hac vice motion to be filed)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Phone:  (336) 747-6609
Fax:  (336) 726-6985
Jacob.Wharton@wbd-us.com


*Attorneys for Plaintiffs*

24